THE STATE OF KANSAS v. J. F. HOLDEN, et al.

REVERSAL OF JUDGMENT, *Various Grounds Alleged for; No Material Error.* Where the defendants in a criminal prosecution appeal to the supreme court and ask for a reversal of the judgment of the court below for incompetency of their own counsel; neglect and failure on the part of the court below to protect their rights and interests; incompetency of the evidence against them; leading questions; erroneous and misleading instructions; insufficiency of the evidence for conviction, it being in part the evidence of an accomplice; the alleged hearing of a motion for a new trial in the absence of the defendants; and the refusal to grant a new trial on the ground of alleged newly-discovered evidence, *held,* under the circumstances of the case, that no material error was committed by the court below, and that the judgment cannot be reversed.

*Appeal from Riley District Court.*

PROSECUTION for grand larceny. At the September Term, 1885, the defendants, *J. F. Holden* and *Hiram Hamilton*, were tried, found guilty, and each was sentenced to the penitentiary for four years. They appeal. The opinion states the case.

*Sam. Kimble*, and *Geo. C. Wilder*, for appellants.

*Jno. E. Hessin*, county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution brought in the district court of Riley county, charging J. F. Holden and Hiram Hamilton with the larceny of a gelding and a mare, the property of Mahlon Parsons. The case was tried before the court and a jury, and the defendants were found guilty, and each was sentenced to the penitentiary for the term of four years. They now appeal to this court. ' The principal grounds urged by the defendants for a reversal of the judgment of the court below are as follows: 1. Incompetency of the defendants' own counsel. 2. Neglect and failure on the part of the court to properly protect the rights and interests of the defendants. 3. Incompetency of much of the evidence introduced on the trial. 4. Leading questions asked by the attorney for the prosecution. 5. Erroneous and misleading instructions given by the court to the jury. 6. Insufficiency of the evidence for a conviction, it being in part the evidence of a supposed accomplice, and claimed to be unreasonable in itself and not corroborated by the other evidence. 7. The hearing of the defendants' first motion for a new trial in the absence of the defendants. 8. The refusal of the new trial, notwithstanding the newly-discovered evidence.

While it is possible that a trial court, in the exercise of a sound judicial discretion, might properly in some rare instance grant a new trial on the ground of incompetency of a party's own counsel, yet we have never known or heard of a case where such a thing was done. In the present case, the defendants were defended by two counsel, one of whom was appointed by the trial court seven days before the trial was commenced, and the other appeared in the case on the trial without any showing as to how or by whom he was appointed or employed. Presumably, however, he was employed by the defendants themselves or by their friends. But were the defendants' counsel incompetent, or did such counsel improperly manage the defendants' case? We cannot say that the record shows incompetency, or any such unwarranted neglect or mis-

management of the case as would justify a reversal of the judgment below. It is true that the record shows that some of the evidence of the prosecution, apparently incompetent, was permitted to go to the jury without any objection on the part of the defendants' counsel; and it is also true that many of the facts and circumstances proved by the prosecution, and which were apparently very damaging to the defendants' case, were left wholly uncontradicted and unexplained by any evidence introduced by the defendants' counsel. But it may also be true that all this was really in the interest of the defendants. It may be that objections to any of this evidence, because of its apparent incompetency, would have led to the proof of other facts which would have rendered it competent, or would have shown the defendants' guilt much more conclusively than it was shown by this apparently incompetent evidence; and it is possible also that an attempted denial or explanation of the facts proved by the prosecution and not denied or explained by the defense would have resulted in the proof of the defendants' guilt much more conclusively than in fact their guilt was proved. It is to be presumed that counsel knew best what evidence to object to, and whether it would be safe to attempt by the introduction of other evidence to deny or explain the facts proved by the prosecution. It is possible, indeed, that the fewer of the real facts, tending to show guilt or innocence on the part of the defendants, that were disclosed, the better for the defendants. We do not think that the defendants are entitled to a reversal of the judgment of the court below because of any incompetency on the part of their counsel.

We have failed to perceive any such neglect or failure on the part of the court below to properly protect the rights and interests of the defendants as will require a reversal of its judgment. No material evidence prejudicial to the rights and interests of the defendants was erroneously permitted to go to the jury over the objections of the defendants; and no material evidence favorable to the rights or interests of the defendants was erroneously excluded over their objections. No

leading question was erroneously permitted to be asked over the objections of the defendants. No exception was taken to any of the instructions given by the court to the jury; and, besides, we think the instructions that were given were all proper as correct propositions of law, and applicable to the case; and no instruction was refused. Indeed, we do not think that the court below committed material error in any respect. And we think the defendants had a fair trial. A trial court is not bound to exclude evidence because it appears to be incompetent, where no objection is made by any of the parties; nor do we think that a trial court is bound to order that certain evidence shall be introduced where no party is seeking to introduce the same. The defendants' present counsel, however, seem to think that the defendants were the especial wards of the court, and that the court was bound to know what was best for the protection of their rights and interests, and was bound to protect the same to the same extent that counsel ordinarily do. This is a mistake. The court sits merely as arbiter between contending parties. Of course the court ought never to sentence a convicted person criminally unless the court believes him to be guilty; nor should the prosecutor ever ask the court to do so unless the prosecutor also believes him to be guilty. We presume, however, in this case, that both the court and the prosecutor believed at the time when the defendants were sentenced that they were guilty. And in all probability they were. At most, we cannot say that they were not or are not guilty. We think we have sufficiently disposed of all the grounds for a reversal of the judgment of the court below down to the sixth.

As to the sixth ground for a reversal, we would say that we think there was ample evidence to support the conviction of the defendants. The accomplice's testimony, if true, was enough, and it was corroborated in several particulars by the other evidence, and the instructions of the court below were correct and amply sufficient upon this subject.

It is claimed that the hearing of the defendants' first motion

*No material error committed by trial court.*

for a new trial was in the absence of the defendants; but there is no showing of this kind in the record; and hence it is unnecessary for us to express any opinion as to whether such a thing would be correct practice, or not.

It is further claimed by the defendants, that a new trial ought to have been granted on the ground of newly-discovered evidence. Now it does not sufficiently appear that the evidence supposed to be newly-discovered evidence was really newly discovered; but if it was, still it does not appear that such evidence could not have been procured and introduced on the trial by the exercise of reasonable diligence. The offense for the commission of which the defendants were prosecuted, was committed on the night of July 5, 1885. The defendants were arrested for such offense on September 1, 1885. One of the counsel for the defendants was appointed for them on September 7, 1885. When the other was appointed or employed is not shown. The trial was commenced and completed on September 14, 1885; and the defendants' first motion for a new trial, and all their affidavits relating to newly-discovered evidence and for a new trial, were filed on September 15, 1885; and all these affidavits were from persons whose testimony could have been procured and introduced on the trial, and out of the nine persons whose affidavits were filed, four of them did in fact testify on the trial, and in behalf of the defendants. In all probability these affiants were all present at the trial except one, who was in jail, and his testimony could have been had if the defendants had desired the same. Other objections might be mentioned to the supposed newly-discovered evidence, but we do not think that it is necessary.

The judgment of the court below will be affirmed.

All the Justices concurring.